Filed 5/5/23 P. v. King CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WALTER GERARD KING,<br><br>    Defendant and Appellant. | F083975<br><br>(Super. Ct. No. F11906258)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. John F. Vogt, Judge.

Fresno Defenders and Dan Moseley for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendant Walter Gerard King appeals following resentencing. He argues his conviction and sentence must be vacated and the matter remanded for a juvenile transfer hearing pursuant to Proposition 57 (the "Public Safety and Rehabilitation Act of 2016") (Proposition 57), and *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*). The People agree defendant is entitled to a juvenile transfer hearing. Defendant also initially argued aspects of his sentence did not comport with Penal Code sections 1385 and 1170.[1] However, the parties now agree we need not reach these sentencing issues in this appeal.

Accordingly, we will conditionally reverse defendant's sentence and remand for a Proposition 57 juvenile transfer hearing.

## PROCEDURAL HISTORY[2]

Defendant was 17 years old in October 2011 when he committed the offenses at issue in this case. The case was "direct filed" in criminal court pursuant to former Welfare and Institutions Code section 707, subdivisions (b) and (d)(1). We previously described defendant's underlying convictions and sentence as follows:

> "Defendant . . . was charged with the murder of Felipe Atilano (Pen. Code, § 187, subd. (a); count 1), the robbery of Atilano (§ 211; count 2), and the attempted robbery of Isidro [M.[3]] (§§ 211, 664; count 3). The information further alleged that (1) Atilano was killed while defendant was engaged in a robbery (§ 190.2, subd. (a)(17)(A)); (2) a principal personally and intentionally discharged a firearm, which proximately caused death or great bodily injury, in the commission of each offense (§ 12022.53, subds. (d) & (e)(1)); and (3) each offense was carried out for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)).

---

[1] Undesignated statutory references are to the Penal Code.

[2] We dispense with a statement of facts, as the facts underlying the offenses are not pertinent to the issues raised on appeal.

[3] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

"The jury convicted defendant of first degree felony murder (§ 189) on count 1 and the lesser included offense of attempted robbery on count 2 and acquitted him of attempted robbery on count 3. It found the firearm discharge allegation true and the felony-murder special circumstance untrue. In a bifurcated proceeding, the trial court found the gang allegation true. Defendant was sentenced to 25 years to life, plus a consecutive 25 years to life for vicarious firearm discharge, on count 1. Execution of punishment on count 2 was stayed pursuant to section 654." (*People v. King* (Oct. 25, 2016, F067104) [nonpub. opn.] (*King I*), fns. omitted.)

On appeal, we initially affirmed the judgment. However, the California Supreme Court granted defendant's petition for review and remanded the case with directions to vacate our decision and reconsider the cause in light of *People v. Franklin* (2016) 63 Cal.4th 261, 283-284. We did so, and once again affirmed the judgment, including the sentence. However, we remanded for the trial court to determine whether defendant was afforded a sufficient opportunity to make a record of information relevant to his eventual youthful offender parole hearing and, if not, to afford him that opportunity. (*King I*, *supra*, F067104.)

Beginning January 28, 2019, defendant filed multiple petitions for resentencing pursuant to former section 1170.95 (now § 1172.6).[4] The People opposed the petition and moved to dismiss it on the ground Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill No. 1437) violated the California Constitution. However, the People acknowledged that, if the legislation was constitutional, defendant was entitled to resentencing. The trial court ultimately concluded Senate Bill No. 1437 unconstitutionally amended Proposition 7 (Gen. Elec., Nov. 7, 1978, commonly referred to as the Briggs Initiative) and Proposition 115 (Primary Elec., June 5, 1990, the "Crime Victims Justice Reform Act"), insofar as it restricted liability for felony murder under

---

[4] Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

Although defendant filed multiple petitions, all were signed on January 22, 2019, and appear to have been treated as a single petition. (*People v. King* (Oct. 23, 2020, F080245) [nonpub. opn.] (*King II*).)

section 189. Accordingly, the court denied defendant's petition for resentencing and granted the People's motion to dismiss the petition. (*King II*, *supra*, F080245.)

On appeal from the denial of the petition, we determined Senate Bill No. 1437 is constitutional and defendant therefore was entitled to have his murder conviction and the attendant enhancements vacated, and to be resentenced on the remaining counts and enhancements. We additionally noted the court's then-recently afforded discretion to strike or dismiss firearm enhancements pursuant to section 1385 would apply at any resentencing. We reversed the order denying the petition and granting the People's motion to dismiss and remanded for further proceedings. (*King II*, *supra*, F080245.)

On remand, the People filed a response to the section 1172.6 petition for resentencing. They agreed the court was required to vacate the murder conviction on count 1, and suggested defendant should be sentenced to a three-year term for the robbery conviction on count 2 and an additional term of 25 years to life for the firearm enhancement under section 12022.53, subdivisions (d) and (e)(1). The People acknowledged the court had discretion to strike the enhancement pursuant to section 12022.53, subdivision (h), but argued the court should not do so.

Defendant filed a "Motion for Vacatur of Conviction and Resentencing" (boldface & some capitalization omitted). Like the People, defendant argued the court was required to vacate the murder conviction and enhancements on count 1 and to resentence him on the remaining counts. He asked the court to exercise its discretionary sentencing authority to dismiss both the firearm enhancement and the gang enhancement to count 2 in the interests of justice. Additionally, he argued the following circumstances under section 1385, subdivision (c)(2),[5] as was then recently added by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721) (Senate Bill No. 81), weighed in favor of

---

[5] At the time of resentencing, these mitigating circumstances were listed in section 1385, subdivision (c)(3). They subsequently were renumbered to section 1385, subdivision (c)(2). (Stats. 2022, ch. 58, § 15.) We will refer to the current designation.

4.

dismissal of the enhancements: (1) the firearm enhancement must be dismissed because its application would result in a sentence of more than 20 years[6] (§ 1385, subd. (c)(2)(C)), (2) both enhancements should be dismissed because defendant was a juvenile when he committed the offense (§ 1385, subd. (c)(2)(G)), (3) both enhancements should be dismissed because the current offense is not a violent felony (§ 1385, subd. (c)(2)(F)), and (4) either enhancement must be dismissed because multiple enhancements were alleged and found true (§ 1385, subd. (c)(2)(B)). He argued dismissal of the enhancements would not endanger public safety.

In response, the People filed further points and authorities. The People maintained that defendant should be sentenced to a three-year term for the attempted robbery on count 2, plus an additional term of 25 years to life for the firearm enhancement. They argued section 1385, subdivision (c)(2)(C) did not mandate striking any enhancement and, in any event, the court could instead reduce the firearm enhancement pursuant to *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). Thus, if the court determined that section 1385, subdivision (c)(2)(C) required striking of an enhancement that would result in a sentence in excess of 20 years, the People asked that the court instead impose the enhancement under section 12022.53, subdivisions (c) and (e). The People also disagreed with defendant's assertion that his conviction was not for a violent felony.

In reply, defendant again urged the court to exercise its discretion to dismiss the enhancements.

At the hearing, all parties were in agreement that the court was required to vacate the murder conviction on count 1. The court vacated the conviction and struck the associated enhancements.

---

[6] Defendant argued dismissal of the firearm enhancement was mandatory under this provision.

As to count 2, defendant agreed the court had discretion to strike the firearm enhancement and impose a lesser enhancement under section 12022.53, but argued the court nonetheless should dismiss the enhancement altogether. Defendant personally addressed the court regarding his rehabilitation while in prison.

The court then sentenced defendant on count 2 to an aggravated term of three years. With regard to the firearm enhancement, the court noted *Tirado* afforded the court discretion to consider lesser included enhancements as well. The court noted that it was required to consider and afford great weight to evidence of mitigating circumstances pursuant to section 1385, unless it would endanger public safety to strike or dismiss an enhancement, meaning that physical injury or other serious danger to others would result. The court then reviewed all the factors under section 1385, subdivision (c)(2), and determined that the mitigating factors listed under section 1385, subdivision (c)(2), paragraphs (A), (D), (E), (F), (H), and (I) did not apply. As to section 1385, subdivision (c)(2)(B), the court noted multiple enhancements were found true, and the court understood the statute as directing the court to impose no more than one enhancement. Accordingly, the court struck the gang enhancement. As to section 1385, subdivision (c)(2)(C), the court noted it would be absurd to read the statute as requiring dismissal of the section 12022.53, subdivisions (d) and (e)(1) enhancement when the court had discretion, under *Tirado*, to impose a lesser enhancement. Thus, the court determined the firearm enhancement was "still on the table." Finally, the court noted defendant was a juvenile when he committed the offenses. (§ 1385, subd. (c)(2)(G).)

The court continued:

> "So recognizing that there are several factors that have to be acknowledged as applying in this case, the Court is exercising its discretion. And recognizing that the original findings did say that [defendant] continued to pose a serious danger to the community and others and superimposing his current situation on top of the circumstances found in aggravation back at the original sentencing, I can tell you that I cannot see a circumstance in which the acts that [defendant] committed back in

6.

2011 would convince me that he's not still a potential danger to the community and to others in the community. His life may have been reshaped by the structure of the prison, but I don't see where I can, in good faith, say that . . . striking enhancements under this section would be in the interest of justice. I believe that it would endanger public safety, but that doesn't complete the analysis.

"I'm looking at the entirety of the range of decisions that this court can make. I look back at the trial of [defendant] and I do believe that while my personal preference and my personal feeling is to impose the 25-to-life enhancement under [section] 12022.53[, subdivision] (d) and recognizing that the factors under subdivision (e) do apply to [defendant], the Court is choosing at this time to exercise its discretion. And with the guidance of the *Tirado* decision . . . what I'm doing is striking the [section] 12022.53[, subdivision] (d) enhancement and imposing instead the [section] 12022.53[, subdivision] (c) enhancement of 20 years." (Italics added.)

In sum, the court sentenced defendant on count 2 to a three-year term, plus an additional consecutive term of 20 years for the firearm enhancement pursuant to section 12022.53, subdivisions (c) and (e)(1). The gang enhancement was stricken. The court explained: "[Defendant], you no longer have the life top hanging over you. I do that because of what I understand my duty to the law to be, not because of what my personal feelings are having heard your trial. I want you to understand that. This is by operation of law."

## DISCUSSION

### I.     Juvenile Transfer Hearing

Defendant and the People agree that defendant is entitled to a juvenile transfer hearing pursuant to Proposition 57 and *Padilla*, *supra*, 13 Cal.5th 152. We agree.

Enacted by voters in November 2016, "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct . . . a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult."

7.

(*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303, citing Welf. & Inst. Code, § 707, subd. (a).)[7]

After the resentencing hearing in the instant case, the California Supreme Court decided *Padilla*, *supra*, 13 Cal.5th 152. There, the high court explained, "Proposition 57 reflects a decision by California's voters that the range of punishments meted out in criminal court is too severe for most juvenile offenders. In accord with [*In re Estrada* (1965) 63 Cal.2d 740], our presumption is that the voters wanted that reduction in punishment to stretch ' "as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." ' [Citation.] Nothing about this presumption is undermined when a case is nonfinal because the defendant's sentence has been vacated rather than because the initial review of the sentence has not yet concluded." (*Padilla*, at p. 162.) "[O]nce a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Id.* at p. 163.)

As is now undisputed, defendant's successful petition under section 1172.6 for vacatur of his murder conviction renders his judgment nonfinal and he is entitled to the benefit of Proposition 57. (*Padilla*, *supra*, 13 Cal.5th at p. 158; *People v. Keel* (2022) 84 Cal.App.5th 546, 564–565; *People v. Ramirez* (2021) 71 Cal.App.5th 970, 998-999.) Accordingly, we will conditionally reverse the sentence and remand for further proceedings. On remand, the trial court shall transfer this matter to the juvenile court for further proceedings under Welfare and Institutions Code section 707, subdivision (a). If the juvenile court determines it would not have transferred defendant to criminal court under current law, it shall treat defendant's conviction as a juvenile adjudication and impose an appropriate disposition. If the juvenile court determines it would have

---

[7] Further amendments to Welfare and Institutions Code section 707 were made by Senate Bill No. 1391 (2017–2018 Reg. Sess.), effective January 1, 2019, and Assembly Bill No. 2361 (2021–2022 Reg. Sess.), effective January 1, 2023.

transferred defendant to adult criminal court, it shall transfer the case to criminal court, which shall then reinstate defendant's sentence.

## II.    Sentencing Issues

In his opening brief, defendant contends that, if the matter is returned to criminal court, his sentence must be reversed. More specifically, he contends the firearm enhancement must be dismissed (see § 1385, subd. (c)(1), (2); see also *Tirado*, *supra*, 12 Cal.5th at p. 692), and the aggravated sentence on count 2 must be reversed so he may be sentenced to the lower term on this count (see § 1170, subd. (b)(6)). However, in his reply brief, he argues we need not decide these issues because they are not ripe. We afforded the People an opportunity to respond to this contention, and the People agree that it is unnecessary for this court to address the sentencing claims in this appeal.

In *Padilla*, *supra*, 13 Cal.5th 152, our Supreme Court held that the defendant was entitled to remand for a Proposition 57 juvenile transfer hearing. In so doing, the high court affirmed the judgment of the Court of Appeal in *People v. Padilla* (2020) 50 Cal.App.5th 244. There, the Court of Appeal had conditionally reversed the defendant's sentence and remanded for a juvenile transfer hearing. However, the court declined to address the defendant's challenges to his sentence, noting that doing so was unnecessary in light of the conditional reversal of the sentence. Instead, the court noted the defendant could reassert his contentions on remand, if necessary, on appeal from the reinstatement of his sentence. (*Id.* at p. 247, fn. 1.)

The People concede *People v. Padilla*, *supra*, 50 Cal.App.5th 244, provides the appropriate procedure in the instant case and that it is therefore unnecessary for us to address the sentencing issues raised in defendant's opening brief. Instead, defendant may raise these claims on appeal from the reinstatement of his sentence in the event the case is ultimately transferred back to criminal court.

## **DISPOSITION**

Defendant's sentence is conditionally reversed and the matter is remanded to the trial court with directions to refer the case to the juvenile court for a transfer hearing. (Welf. & Inst. Code, § 707.) If, after conducting the juvenile transfer hearing, the juvenile court determines it would not have transferred defendant to criminal court under current law, it shall treat defendant's conviction as a juvenile adjudication and impose an appropriate disposition within its discretion.

If, after conducting the juvenile transfer hearing, the juvenile court determines it would have transferred defendant to adult criminal court, it shall transfer the case to criminal court, which shall then reinstate defendant's sentence.

DETJEN, J.

WE CONCUR:

LEVY, Acting P. J.

PEÑA, J.

10.